IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW WILLIAMSON           :   CIVIL ACTION
                             :
        v.                   :
                             :
NORTHAMPTON COUNTY PRISON, et al. :   NO. 12-2333

MEMORANDUM

GOLDBERG, J.                                      MAY 9th, 2012

Plaintiff Matthew Williamson, a prisoner incarcerated at the Northampton County Correctional Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against the prison and its Warden and Deputy Warden. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

I.   FACTS

Plaintiff claims that prison officials have been deducting half of the money deposited in his prison account to pay for "room and board." He contends that this policy of taking his money to pay for such expenses is unconstitutional and illegal because it is not authorized by statute or Pennsylvania's Attorney General. Plaintiff filed grievances challenging the policy but was informed that the issue was not grievable. He seeks a return of the monies that were taken from him - $105.00 over the course of approximately six months - as well as declaratory and injunctive relief.

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

## III. ANALYSIS

In Tillman v. Lebanon County Correctional Facility, 221 F.3d 410 (3d Cir. 2000), the Third Circuit considered constitutional challenges to a program that required inmates to pay toward their living expenses. The plaintiff in that case was assessed a fee of $10.00 per day for housing costs associated with his incarceration in accordance with the prison's "Cost Recovery Program." Upon his release from prison, he had accrued a debt in excess of $4,000.00 as a result of being required to share in the costs of his incarceration. He claimed, among other things, that the Cost Recovery Program violated the Eighth Amendment and the

2

Due Process Clause.

The <u>Tillman</u> court held that prison officials could, consistent with the constitution, deduct monies from inmates' accounts to recover some of the costs of their imprisonment. 221 F.3d at 417-23. The deductions were not "fines" within the Eighth Amendment and did not otherwise violate the Eighth Amendment because "[the plaintiff] was never denied room, food, or other necessities," nor was his sentence extended due to his inability to pay. <u>Id.</u> at 419. Additionally, the court found no violation of substantive or procedural due process. With respect to procedural due process, the court explained the prison had satisfied its obligations because:

> The assessments and takings pursuant to the
> program involve routine matters of accounting,
> with a low risk of error. To the extent that
> mistakes such as erroneous assessments or
> incorrect takings might occur, they may be
> corrected through the prison's grievance program
> without any undue burden on a prisoners' rights.

<u>Id.</u> at 422 (footnote omitted). Finally, the court rejected the plaintiff's challenge to the legality of the program because, even though no statute authorized the deductions, "the Cost Recovery Program was duly promulgated, not by the state, but by the county prison board, which has exclusive authority regarding the government and management of the facility." <u>Id.</u> at 423 (quotations and alteration omitted).

This case is indistinguishable from <u>Tillman</u>. Nothing in the complaint suggests that plaintiff would be subject to a longer sentence or that he would be denied basic human needs if he did

3

not pay a certain amount of money toward his room and board. See id. at 419; see also Holloway v. Magness, 666 F.3d 1076, 1080 (8th Cir. 2012) ("The Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right."). Additionally, the fact that the policy in question is not grounded in a statute or approved by Pennsylvania's Attorney General does not establish that it is illegal. Indeed, nothing in the complaint suggests that the program in this case was not properly authorized by the board of inspectors of Northampton County Correctional Facility, see 61 Pa. Cons. Stat. Ann. § 1731(a), or some other appropriate authority. See Tillman, 221 F.3d at 423 ("Other courts have not seen barriers to the promulgation of such programs by prisons and prison officials, and neither do we.").

Furthermore, as in Tillman, the assessments involve routine matters of accounting with a low risk of error. Although a challenge to the policy itself might not be grievable, nothing in the complaint suggests that, had prison officials deducted more than authorized, plaintiff would not have been able to challenge the erroneous deduction through the prison's grievance system.

Plaintiff also suggests that the deduction of half of his incoming funds for room and board violates the Takings Clause, which provides that "private property [shall not] be taken for

4

public use, without just compensation."[1]  U.S. Const. Amend. V. "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services."  United States v. Sperry Corp., 493 U.S. 52, 63 (1989).  Here, plaintiff received a benefit in the form of room and board for the monies he paid.[2]  Furthermore, nothing in the complaint suggests that the funds were not, in fact, used for room and board or that the amount taken was unreasonable.  Indeed, plaintiff paid only $105.00 for a period of over six months.  Accordingly, plaintiff has not stated a claim under the Takings Clause.  See Vance v. Barrett, 345 F.3d 1083, 1089-90 (9th Cir. 2003) (holding that deduction of monies from prisoners' accounts to pay for expense of creating and maintaining those accounts did not constitute an unconstitutional taking); Reynolds v. Wagner, 128 F.3d 166, 180 (3d Cir. 1997) (observing, in assessing constitutionality of policy requiring inmates to pay a small fee when they sought health care, that "this is not a situation in which the inmates are deprived of the benefits of their property and receive nothing in return").

A district court should ordinarily allow a pro se plaintiff

---

[1] Tillman did not address whether deducting funds from an inmate's account to apply toward the costs of his incarceration constitutes an unconstitutional taking.

[2] Notably, if plaintiff were not incarcerated, he necessarily would have incurred reasonable living expenses.  See Tillman, 221 F.3d at 419 (observing that "there is, of course, no general constitutional right to be free of a personal expense that the plaintiff can meet and would be required to meet in the outside world") (alterations and quotations omitted).

5

to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, plaintiff will be given an opportunity to file an amended complaint in the event he can cure any of the deficiencies noted above.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint without prejudice to plaintiff's filing an amended complaint. An appropriate order follows.

---

[3] As the Court has concluded that there is currently no merit to plaintiff's claims, his motion for appointment of counsel is denied without prejudice to his renewing the motion at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").