IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW WILLIAMSON :          CIVIL ACTION
:
        v.                   :
:
NORTHAMPTON COUNTY PRISON, et al. :          NO. 12-2333

**FILED**

JUL 1 1 2012

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM

GOLDBERG, J.                                   JULY 10, 2012

Currently before the Court is plaintiff Matthew Williamson's "Motion of Filing an Amended Complaint" and his amended complaint against Northampton County Prison and its Warden and Deputy Warden.  For the following reasons, the Court will grant plaintiff leave to file an amended complaint and dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    **FACTS**

In his initial complaint, plaintiff raised constitutional claims pursuant to 42 U.S.C. § 1983 based on the fact that prison officials were deducting half of the money deposited in his prison account to pay for "room and board" pursuant to a policy that was never authorized by statute or approved by Pennsylvania's Attorney General.  He alleged that over the course of over six months of imprisonment, $105.00 was taken from his account pursuant to that policy.  In a May 9, 2012 Memorandum and Order, the Court dismissed the complaint for failure to state a claim.  However, plaintiff was provided leave to file an amended complaint in the event he could cure the deficiencies in his

1

initial filing.[1]

In his amended complaint, plaintiff essentially reasserts the allegations in his initial complaint. However, he describes the policy in slightly more detail, explaining that inmates are given a bill upon discharge for costs associated with their room and board at a rate of $10.00 per day for first-time inmates and $15.00 per day for inmates who have previously been incarcerated. Plaintiff also alleges that he currently owes $4,362.00 in fees associated with this policy. He reasserts his belief that the prison's policy violates the Takings Clause.

## II.  STANDARD OF REVIEW

As explained in the Court's May 9, 2012 Memorandum, 28 U.S.C. § 1915(e) applies here because plaintiff is proceeding in forma pauperis. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] As the Court has authorized plaintiff to file an amended complaint, his "Motion of Filing an Amended Complaint," which the Court construes as a motion for leave to file an amended complaint, is granted.

2

(2009) (quotations omitted).

## III. ANALYSIS

As explained in more detail in the May 9, 2012 Memorandum, the Third Circuit has rejected Eighth and Fourteenth Amendment challenges to a policy similar to the one at issue here.  See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 414 (3d Cir. 2000).  Although Tillman did not address whether such a policy violates the Takings Clause, the May 9, 2012 Memorandum explained that other courts have rejected such claims.  See Vance v. Barrett, 345 F.3d 1083, 1089-90 (9th Cir. 2003) (holding that deduction of monies from prisoners' accounts to pay for expense of creating and maintaining those accounts did not constitute an unconstitutional taking); cf. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 254 (4th Cir. 2005) (noting in dicta that merits of a challenge to a jail's policy charging pretrial detainees $1 per day to cover room and board were "dubious").  None of the facts stated in plaintiff's amended complaint change the Court's original analysis.  Indeed, nothing in the amended complaint suggests that plaintiff is being denied basic human needs because of his inability to pay his debt.  Nor does plaintiff contend that the sums deducted from his account are unreasonable or that the monies are not being used by the prison to defray the costs of incarceration.

Accordingly, as plaintiff's amended complaint has not cured the deficiencies in his initial complaint, his amended complaint is dismissed for the reasons discussed in this Memorandum and the

Court's May 9, 2012 Memorandum.   Plaintiff will not be given another opportunity to amend his complaint because the Court concludes that further attempts at amendment would be futile.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant plaintiff's "Motion of Filing an Amended Complaint," construed as a motion for leave to file an amended complaint, and dismiss the amended complaint with prejudice.   An appropriate order follows.

4